### HENRY v. LILLIWAUP FALLS LAND CO. et al.

(Circuit Court, D. Washington, W. D. November 4, 1897.)

1. **PUBLIC LANDS—OREGON DONATION ACT—IMPROVEMENTS AND CULTIVATION.**
Proof that one, through whom land is claimed under the Oregon donation act, built a log cabin on the land, occupied it as a dwelling, and cultivated a garden spot, not exceeding 10 feet square, does not show sufficient cultivation or improvements to prove good faith in claiming the land for his home.

2. **SAME—NOTICE OF CLAIM.**
The filing of the notice of claim under the Oregon donation act in the office of the surveyor general of Washington territory, after the date of the law creating a district land office in the territory, with a register and receiver, was without effect, as the change in the law made the district land office the place in which the notice should have been filed.

3. SAME—SURVEYS.

Failure of a claimant under the Oregon donation act to request a survey of his claim, or provide for the expense thereof, so that no survey was ever made until the governmental survey of the township after the claimant's death, was insufficient to perfect the claim. No title could pass under the donation law except to a specific tract, after a survey and marking of the lines and corners in accordance with law.

4. SAME—PROOF OF RESIDENCE AND CULTIVATION.

Mere affidavits taken before a notary public, instead of before the register or receiver, and filed in the surveyor general's office instead of in the district land office, were not a compliance with the requirements of section 7 of the donation act; and this omission, together with the fact that no certificate was ever issued as provided by such section, was sufficient to defeat the claim of an heir of the settler.

This was a bill in equity by Mary A. Henry against the Lilliwaup Falls Land Company and Ida M. French to assert an alleged equitable title to land to which defendants had obtained the legal title.

Johnson Nickeus, for complainant.

C. W. Corliss, for defendants.

HANFORD, District Judge. The complainant, Mary A. Henry, claiming to be the daughter and sole surviving heir of Hiram H. McNear, deceased, avers that the defendants have obtained legal title by patents from the United States, and mesne conveyances from the patentees, to a tract of land situated in Mason county, in this state, which tract of land was settled upon and claimed by her father under the act of congress commonly known as the "Oregon Donation Law." The complainant avers that her father, being an American citizen, and fully qualified to become a settler, and to acquire title to land in Oregon territory, under the provision of said act of congress, emigrated to Oregon in the year 1852, and commenced his settlement, upon the land referred to, on the 3d day of August, 1853, and thereafter continued to reside upon said land, and to cultivate the same as a farm, and claimed the same as his home, until the year 1860; that on the 3d day of April, 1855, a notice, accompanied by affidavits of two competent witnesses, describing the particular tract of land which he claimed, was made, and the same was filed in the office of the surveyor general of the territory of Washington, on the 17th day of April, 1855; "that on the 30th day of March, 1860, the said Hiram H. McNear duly and in legal form made proof, by the affidavits of himself and two competent witnesses, that he had resided upon and cultivated said land from the 3d day of August, 1853, to the 30th day of March, 1858, and that all of said proofs and affidavits were duly filed in the office of the surveyor general, and were made in the form required by the said surveyor general and the rules of the United States for the disposal of public lands under said land laws;" that at all of the times mentioned the said lands were unsurveyed lands of the United States, and the same were not surveyed by the government until May 1, 1874, at which time the official plat of the township was approved, and that Hiram H. McNear died intestate before the survey of said land, to wit, in the year 1870; that, after the survey of said lands, persons named in the bill entered upon different portions of said tract, claiming the same under

the general land laws of the United States, and obtained patents for the same, and that their titles so acquired have been conveyed to the defendants. The prayer of the bill is that the complainant be decreed to be the owner of said land, and that the defendants be decreed to hold the legal title in trust for her use, and that they be required to convey the same to her. The theory by which the complainant endeavors to establish a right to this land, superior to the legal title vested in the defendants, is that her father, by being duly qualified, and by settlement upon the land and residence and cultivation thereof, and by satisfying all the conditions of the donation law, including the giving of notice within the time prescribed, and making final proof, took the land as a grantee from the United States, the donation law being of itself a grant, and that the title became completely vested in him, so that the officers of the land department were not authorized to convey the land to others. The answer puts in issue the averments of the bill as to the settlement and residence upon and cultivation of the land by McNear, and the performance on his part of the conditions precedent to the vesting of the title, prescribed by the donation law. I find the showing made by the complainant in her pleadings, and the evidence introduced in her behalf, to be insufficient to establish her claim. Therefore I will not pass upon the merits of the several special pleas and defenses set forth in the answers.

In order to show that McNear failed to comply with the requirements of the donation law, essential to perfect his right to the land under said law, the following provisions must be considered:

"Sec. 5. And be it further enacted, that to all white male citizens of the United States, or persons who shall have made a declaration of intention to become such, above the age of twenty-one years, emigrating to and settling in said territory between the first day of December, eighteen hundred and fifty, and the first day of December, eighteen hundred and fifty-three, * * * who shall in other respects comply with the foregoing section and the provisions of this law, there shall be and hereby is granted the quantity of one quarter section, or one hundred and sixty acres of land, if a single man. * * *"

"Sec. 7. And be it further enacted, that within twelve months after the surveys have been made, or, where the survey has been made before the settlement, then within twelve months from the time the settlement was commenced, each person claiming a donation right under this act shall prove to the satisfaction of the surveyor general, or of such other officer as may be appointed by law for that purpose, that the settlement and cultivation required by this act had been commenced, specifying the time of commencement; and at any time after the expiration of four years from the date of such settlement, whether made under the laws of the late provisional government, or not, shall prove in like manner, by two disinterested witnesses, the fact of continued residence and cultivation required by the fourth section of this act; and upon such proof being made, the surveyor general, or other officer appointed by law for that purpose, shall issue certificates under such rules and regulations as may be prescribed by the commissioner of the general land office, setting forth the facts in the case and specifying the land to which the parties are entitled. And the said surveyor general shall return the proof so taken, to the office of the commissioner of the general land office, and if the said commissioner shall find no valid objection thereto, patents shall issue for the land according to the certificates aforesaid upon the surrender thereof. * * *" 9 Stat. 496; Abb. Real Prop. St. Wash. T. pp. 1100, 1101.

"Sec. 6. And be it further enacted. that every person entitled to the benefit of the fourth section of the act of which this is amendatory, who was resident in said territory on or prior to the first day of December, eighteen hundred and fifty, shall be and hereby is required to file with the surveyor general of said territory, in advance of the time when the public surveys shall be extended over the particular land claimed by him, where those surveys shall not have been made previous to the date of this act, a notice in writing, setting forth his claim to the benefits of said section and citing all required particulars in reference to such settlement claim; and all persons failing to give such notice on or prior to the first day of December, eighteen hundred and fifty-three, shall be thereafter debarred from ever receiving any benefit under said fourth section. And all persons who, on the first day of December, eighteen hundred and fifty-three, shall have settled on surveyed land in said territory, in virtue of the provisions of the fifth section of the act of which this is amendatory, who shall fail to give notice in writing of such settlement. specifying the particulars thereof to the surveyor general of said territory. on or prior to the first day of April, eighteen hundred and fifty-five, shall be thereafter debarred from ever receiving the benefits of said fifth section." 10 Stat. 158; Abb. Real Prop. St. Wash. T. p. .1103.

"Sec. 6. And be it further enacted, that all the provisions of this act, and the acts of which it is amendatory, shall be extended to all the lands in Oregon and Washington territories; and for the purpose of carrying said acts into effect in said territories, the president shall be and he is hereby authorized to appoint a register and receiver for each of said territories, whose powers. duties, obligations and responsibilities shall be the same as are now prescribed by law for other land officers and for the surveyor general of Oregon, so far. as they apply to such officers. * * *" 10 Stat. 305; Abb. Real Prop. St. Wash. T. p. 1106.

"Be it enacted," etc., "that in all cases under the act of congress, approved September twenty-seventh, eighteen hundred and fifty, entitled, 'An act to create the office of surveyor general of the public lands in Oregon, and to provide for the survey, and to make donations to settlers of the said public lands,' and the several acts amendatory and supplemental thereto, in which the actual settlement may be shown to be bona fide, and the claim in all respects to be fully within the requirements of existing laws, except as to the failure of the party to file notice within the time fixed by statute, such failure shall not work forfeiture when no adverse rights intervene before the filing of the required notification by the claimant." 13 Stat. 184; Abb. Real Prop. St. Wash. T. p. 1108.

The sixth section of the original act also makes particular provision for surveys, and requires that the surveyor general shall survey all donation claims which are not taken, according to legal subdivisions, at the expense of donation settlers, and enter a description of such claims in a claims book, which the law requires him to keep.

The supreme court of the United States in the case of Hall v. Russell, 101 U. S. 503–514, has given an authoritative construction to the granting clause of the donation law, as follows:

"The grant was not to a settler only, but to a settler who had completed the four years of residence, etc., and had otherwise conformed to the act. Whenever a settler qualified himself to become a grantee, he took the grant, and his right to a transfer of the legal title from the United States became vested. But, until he was qualified to take, there was no actual grant of the soil. The act of congress made the transfer only when the settler brought himself within the description of those designated as grantees. A present right to occupy and maintain possession, so as to acquire a complete title to the soil, was granted to every white person in the territory having the other requisite qualifications, but, beyond this, nothing passed until all was done that was necessary to entitle the occupant to a grant of the land."

And in the case of Vance v. Burbank, 101 U. S. 514–521, the court ruled substantially that a wife or heir of a settler claiming land under the donation law acquires no title or interest in the land until the final proof required by the seventh section of the act shall have been made by the husband or some one in his behalf.

Considering the provisions of the law above quoted and referred to, together with the decisions of the supreme court above cited, and the pleadings in this case, I hold that, in order to establish the claim of the plaintiff to ownership by inheritance from a grantee of the United States, she must show affirmatively that she is the lawful heir of Hiram H. McNear; that her father was a citizen of the United States, and qualified to acquire land under the donation law; that he emigrated to Oregon territory, and became an actual settler upon the land prior to the 1st day of December, 1853; that he thereafter continued to reside upon the land, and cultivated and improved the same, for a period of four years; that he gave notice of his claim to the surveyor general, or the register and receiver of the district land office, prior to the inception of any adverse rights; that upon his request, and at his expense, the particular tract of land which he claimed was surveyed by the surveyor general, and its description noted in the book of claims which that officer was required to keep; and that after completion of the four-years residence and cultivation, and after the land had been surveyed, he made proof, to the satisfaction of the register and receiver of the land office, of full compliance with the requirements of the law.

In this the complainant has failed in several important particulars. Assuming the evidence in her favor to be sufficient in other respects, she has failed to prove that McNear cultivated the land, or made sufficient improvements thereon, to show his good faith in claiming the land for his home. The most that I can find from the evidence on this point is that he built a log cabin, which he occupied as a dwelling, and cultivated a garden spot not exceeding in area 10 feet square. The notice of his claim, and the amended notice, were filed in the office of the surveyor general of Washington territory after the date of the law providing for a district land office in Washington territory, with a register and receiver, to whom were given the powers and duties prescribed by law for other land officers and for the surveyor general of Oregon. This change in the law made the district land office the place in which the notice should have been filed, and it is my opinion that, according to the showing made, McNear failed to comply with the law requiring notice and preliminary proof of his claim.

By the bill of complaint and the evidence it affirmatively appears that McNear failed to request a survey of his claim, or to provide for the expense of a survey. There was no survey until the governmental survey of the township was made, several years after McNear's death, and at that time the corners and lines of McNear's donation claim could not be found. The most that appears to have been done was the setting of a stake for an initial point, which was done by McNear himself, without authority from the surveyor general, and said stake has never been recognized by the surveyor

general for any purpose. It is my opinion that title could not pass under the donation law except to a specific tract within established boundaries, and after a survey and marking of the lines and setting of the corners, in accordance with law.

Finally, the proof of residence and cultivation required by the seventh section was never made by McNear or any person for him. On this point counsel for the complainant has argued that the amended or supplemental notice, with the affidavits of two witnesses, filed in 1860, was a compliance on the part of McNear with the provisions of the law as to final proof. But the evidence shows that these papers were not understood by the witnesses to have been intended to serve as final proof. The affidavits were not made in the district land office, before the register or receiver, but were taken by a notary public at Port Townsend, and were never filed in the district land office, and there is no evidence whatever that the certificate provided for by the seventh section was ever issued. Mere affidavits taken before a notary public, and filed with the surveyor general, are not the proof which is necessary to fulfill the requirments of the law, and failure in this essential is of itself sufficient to defeat the claim asserted by the complainant to the land as an heir of the settler. Vance v. Burbank, supra. A decree will be entered that the complainant is not the owner of the land described in her bill of complaint, and that this suit be dismissed, with costs.